UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE SULLIVAN,<br><br>        Petitioner,<br><br>    v.<br><br>PAT HORN,<br><br>        Respondent. | No. 2:25-cv-1324 DJC CKD P<br><br><br>ORDER |

      Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

      The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). After reviewing the record in this action, the court finds that petitioner has failed to exhaust state court remedies as to his newly discovered evidence claim and his claim of ineffective assistance of counsel. Accordingly, the petition is a mixed petition containing both exhausted and unexhausted claims.

      Petitioner has three options. First, he may file an amended petition omitting any claims for which he has not exhausted state court remedies and the court will proceed on that petition.

1

Second, he may seek a stay under <u>Rhines v. Weber</u>, 544 U.S. 269 (2005) while he exhausts state court remedies.  In order to obtain a stay under <u>Rhines</u>, petitioner must show (1) good cause for his failure to previously exhaust state court remedies, and (2) any unexhausted claim is potentially meritorious.  <u>Rhines v. Weber</u>, 544 U.S. at 278.  Third, petitioner may file a second mended petition omitting any unexhausted claims and request a stay of the petition pursuant to <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2002) until state court remedies have been exhausted as to all claims.

Petitioner is cautioned that if he chooses to proceed now on an amended petition raising only exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any other federal court.  See <u>McCleskey v. Zant</u>, 499 U.S. 467 (1991); Rule 9(b), Rules Governing Section 2254 Cases.

Petitioner is further cautioned that the habeas corpus statute imposes a one-year limitations period for filing non-capital habeas corpus petitions in federal court.  In most cases, the one-year period will start to run on the date the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Petitioner is granted thirty days from the date of this order to:

    A. File an amended petition omitting any claims for which he has not exhausted state court remedies;

    B. File a motion for a stay pursuant to <u>Rhines v. Weber</u>, 544 U.S. 269 (2005); or

    C. File an amended petition omitting any unexhausted claims and request a stay of the petition pursuant to <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2002) until state court remedies have been exhausted as to all claims.

/////

/////

2

3. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: June 20, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

sull1324.mix

3